## THE SUN VAPOR ELECTRIC LIGHT COMPANY
### V. J. E. KEENAN ET AL.

No. 284.

88  197
38a 667

### 1. Void Incorporation—Power of County Commissioners.

The Commissioners Court of a county can not be required to provide for the sale of the property of a supposed corporation, the charter of which has been declared void. The duty of such commissioners is restricted to *county business*, under section 18, article 5, of the Constitution. The article 541, Revised Statutes, as amended by the Twenty-second Legislature, chapter 77 of Acts, page 95, is unconstitutional in so far as it seeks to compel county commissioners to take jurisdiction of the assets of a defunct corporation. Limiting White v. City of Quanah, ante, p. 14......................201, 202

### 2. Taxation—Debts of Void Corporation.

Nor can the Legislature impose upon the county commissioners the duty of levying a tax to pay the debts of a corporation declared void. The said article 541, as amended, is not effective so far as it seeks to empower the county commissioners to make such levy............................... 202

### 3. Case Approved.

Ewing v. Commissioners Court, 83 Texas, 666, approved and adhered to .... 202

QUESTIONS CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Baylor County.

The statement and questions certified are here given:

In this case the following facts are made to appear by the allegations of the plaintiff's petition, to which an exception was sustained by the trial court:

1. In July, 1890, the city of Seymour was incorporated, observing all the forms of law. From that date it acted as a corporation, electing its officers, and was recognized as a municipal corporation by the Comptroller's department of the State, as also by the courts, district, county, and commissioners. It thus continued until May 3, 1892, when, by proceedings in quo warranto, it was dissolved, because it had included within its territorial limits farming and pasturage land beyond the limits of a town as defined by the decisions of our Supreme Court.

2. At the time of its dissolution, it was justly indebted to the appellant in the sum of $1520.68, upon a contract made with the mayor of the city, thereunto authorized by order of the city council duly entered upon its minutes.

3. At the date of its dissolution, large sums of money were due it by its city treasurer for moneys collected for it by that officer and never paid by him, including the sum of $400 which that officer had appropriated to his own use.

4. At that date, also, its marshal and collector of taxes was largely indebted to it for sums collected as fines and penalties due the city for violation of its ordinances, and for taxes collected.

5. After its dissolution the plaintiff presented its claim, duly verified, to the Commissioners Court, with an application to the court to

take charge of the property and effects of the city, to provide for the payment of the plaintiff's debt by settlement with and collecting in all that was due the city from its said officers, and to levy and provide for the collection of sufficient tax on the property within the territorial limits of the corporation, as by law provided, to pay the debts of the plaintiff.

On the refusal of the Commissioners Court to grant this application, the plaintiff instituted this proceeding, praying for the issuance of a writ of mandamus to compel the Commissioners Court to take charge of the property and the effects of the city, to provide for the payment of the plaintiff's debt in the manner already stated, and to levy and provide for the collection of sufficient taxes on the property above indicated to pay the debt of the plaintiff.

Since the dissolution of the corportion, there has been no reincorporation of the city out of the territory formerly included with its limits, or out of any part of that territory. There has been no reincorporation in any sense.

For the relief prayed for, the plaintiff relies upon the Act of the Legislature, approved April 13, 1891, entitled, "An act to amend article 541, chapter 11, title 17, Revised Civil Statutes of the State of Texas" (Laws Twenty-second Legislature, page 95), and upon the following provisions of that article: "When any corporation is abolished as provided in the preceding article, or if any de facto corporation shall be declared void by any court of competent jurisdiction, or if the same shall cease to operate and exercise the functions of such de facto corporation, all the property belonging thereto shall be turned over to the county treasurer of the county, and the Commissioners Court of the county shall provide for the sale and disposition of the same, and for the settlement of the debts due by the corporation, and for this purpose shall have power to levy and collect a tax from the inhabitants of said town or village in the same manner as the corporation would be entitled to under the provisions of this charter."

Under these conditions, we respectfully certify to your honorable court the following questions:

1. Is the aforesaid act constitutional in that feature thereof which, under the conditions named therein, provides that the property mentioned therein shall be turned over to the county treasurer, and requires the Commissioners Court of the county to provide for the sale and disposition of the same for the settlement of the debts due by the corporation?

2. Is the aforesaid act constitutional in that feature thereof which provides that, for the purpose specified, the Commissioners Court shall have power to levy and collect a tax on the inhabitants of said town or village, in the same manner as the corporation would be entitled to under the provisions of this charter?

In this connection, we respectfully call attention to the following language of the court in Ewing v. Commissioners Court, 83 Texas, 666:

"The inhabitants of a municipal corporation are, in a restricted sense, liable for the debts contracted legally by those who under the law have control of municipal affairs, for they may be taxed to raise money to discharge obligations so incurred; but in the case before us such obligation never existed, unless the act referred to and relied upon imposes it; and we are of opinion that the Legislature has no more power to cause a tax to be levied upon the property of the people living within the boundaries which there was an unavailing effort to incorporate, for the purpose of paying the claims of appellants, than would the Legislature have to say that a tax might be levied upon the property of any hundred citizens of the State, and collected for the same purpose."

We also respectfully call attention to the following language in White v. City of Quanah, 28 Southwestern Reporter, 1066: "By the dissolution of the old corporation, its property passed into the control of the Commissioners Court of that county, and the court was thereby invested with the power to levy taxes to pay the debts of the dissolved corporation."

3. In the event of an affirmative answer to the second question, can the Commissioners Court be compelled by a writ of mandamus to levy and collect the tax referred to?

*Holman & Montgomery,* for appellant.—The Legislature of Texas has provided by general law, "An act entitled an act to amend article 541, chapter 11, title 17, of the Revised Civil Statutes of the State of Texas," approved April 13, 1891. That act imposes the duty upon the Commissioners Court to take charge of the property and effects of a de facto corporation when declared void by a court of competent jurisdiction, and to provide for its sale, and the levying and collection of a tax upon property within the limits of said dissolved corporation to pay its legal debts.

Has it the constitutional power to do so? Its power over municipal corporations and the power of taxation is absolute and unlimited, except by the Constitution. Cool. on Tax., 5; Dill. Mun. Corp., secs. 52, 113; Bass v. Fontleroy, 11 Texas, 350; Morris v. The State, 62 Texas, 743. But it can not alter or repeal an act chartering a municipal corporation to the injury of creditors of said corporation, or of persons holding contracts with it. Morris & Cummings v. The State, 62 Texas, 743, and authorities cited. If not absolutely void, so that no rights could accrue or liability attach to it, it is a legal substantial equity, a corporation, and if able to acquire and hold property, it can create a debt for which that property can be made liable.

By no fiction of law or logic can the truth be so tortured as to deny that the corporation of Seymour could hold property; for it has it, which no one else does own or can legally claim. That it does owe debts is equally undeniable.

Justice Clifford, in Mt. Pleasant v. Beckwith, 10 Otto, 514, quoting Chief Justice Dixon, in Hasbrock v. Milwaukee, 25 Wisconsin, 123,

says: "When a municipal corporation has the power to contract a debt, it has by necessary implication authority to resort to the usual mode of raising money to pay it, which undoubtedly is taxation."

That the corporation of Seymour had the right to contract and to tax before its dissolution is not debatable. That that power to tax, though by its dissolution ceased and determined, did not extinguish the right any more than the debt, but only renders it dormant, is settled by the fact that the power to tax for that debt revives, and is transmitted to its successor upon reincorporation, not only by this express statute in Texas, but also by settled American law without the statute. Dill. Mun. Corp., sec. 170; New Orleans v. Clark, 95 U. S., 644; Mt. Pleasant v. Beckwith, 10 Otto, 514.

Nor does it matter whether it be a reincorporation of the same people and district, enlarged or restricted, in the same or a different name, in the same or a different mode of government; the new will be regarded as the successor of the old corporation, entitled to its property rights and subject to its liabilities. Nor does it matter that the Legislature, in repealing the charter and incorporating them into a different organization, expressly provided that the new should not levy a tax to pay the debts of the old; the courts will declare such provision void, and by mandamus will compel the new to levy the tax. Dill. Mun. Corp., 171, and notes, citing Memphis City case, Mobile case, Pensacola, Brownsville, and Selma.

Mr. Dillon, in section 173, suggests this solution: "The power of a municipality to levy taxes to pay its debts, as the power existed at the time when the debts were created, is in its essence not the grant of a power to the incorporated body, but to the inhabitants of the incorporated territory. In this view, the power or contract obligation, and duty of its exercise, survives the repeal of the charter and the dissolution of the old corporation, and passes, equally with the obligation to pay the debt, to the inhabitants who continue to reside, under any form of organization, within the municipal area in behalf of which the debt was created; the exercise of which power and consequent duty may be compelled by the judicial process of mandamus whenever there are officers in existence who, under the general legislation of the State, have the power to levy and collect taxes."

This states the rule applied to pre-existing de jure corporations, and fully accords with article 342, Revised Statutes: "All the inhabitants of each city, etc., * * * shall continue to be a body corporate," etc.

Does it apply to a de facto corporation? Evidently it was the legislative intent to make it so, by this very act.

It is the province of the Legislature to prescribe by general law for what public purpose, to what extent, and territorial limit, taxes shall be imposed. Dill. Mun. Corp., sec. 737, and notes.

They have enacted, that when a de facto corporation has contracted legal debts (debts for such purposes as are allowed by law for munici-

pal corporations to make, and have thereafter been declared void), such debts for a public purpose for which a tax may be imposed, and that duty, purely ministerial, is laid upon the Commissioners Court, a refusal to obey it subjects them to mandamus. The debt for which plaintiff sues was for a purpose expressly allowed by statute. Rev. Stats., art. 377.

It is well settled by the highest judicial authority, that all property of a public nature held by a dissolved corporation reverts to the State, subject to the claims of its successor, should any appear, and is not liable for its debts. Dill. Mun. Corp., sec. 169; Broughton v. Pensacola, 93 U. S., 265; Merriweather v. Garrett, 102 U. S., 472.

Will the State hold this property, for which the corporation justly owes its creditors, upon faith of their power to tax, which the taxpayer could not question, evade, or resist, after destroying their power to tax, and leave the creditor without remedy? Is their payment not such public purpose as authorizes and invokes the legislative power to tax, demanded alike by justice, necessity, and honor, which they are estopped to deny? Railway v. Commissioners, 30 Am. St. Rep., 274, and authorities cited.

*Newton & Dalton*, for appellee, cited section 53, article 3, of Constitution; also section 18, article 5; Ewing v. Commissioners Court, 83 Texas, 663; Ewing v. The State, 81 Texas, 172.

GAINES, CHIEF JUSTICE.—1. We are of the opinion, that the Commissioners Court of a county can not be required to provide for the sale of the property of a supposed corporation, the charter of which has been declared void, and for the disposition of the same for the settlement of the debts due by it. The powers which the Commissioners Courts may be compelled to exercise are defined in the Constitution in the following language: "The county commissioners so chosen, with the county judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Art. 5, sec. 18. The powers which the Legislature may require them to exercise are confined by this section to county business; and we think it clear, that the administration of the effects of a dissolved corporation and the payment of its debts are not such business.

Persons who have conveyed property to an ostensible corporation are not in a position to plead its illegality as against its creditors. The latter, when its organization has by due course of law been annulled, have a superior natural right to so much of the property acquired in its name as may be necessary to satisfy their demands. Therefore, there would seem to exist no constitutional impediment which would prevent the Legislature from providing a method by which such creditors may enforce their rights. The difficulty arises when the attempt

is made to impose the administration of the assets upon the county commissioners, as a court, and to compel them to perform it. Whether, if they should voluntarily act, their action would be legal, is a question we are not asked to determine. They may have the power to do an act which it is not their legal duty to perform. In the case of Brown v. Wheelock, 75 Texas, 385, it was held, that the District Court, acting under the statute as a special tribunal, could remove the disability of minority, though it was gravely doubted whether it could be compelled to do so.

2. If the sale of the property of a dissolved corporation and the distribution of the proceeds of such sale among its creditors is not a business pertaining to a county, neither is the levy of a tax for the payment of such debts a duty which may be devolved upon the Commissioners Court as county business. That the Legislature can not by any method impose a tax upon the people of a territory embraced within the limits of an ostensible corporation, which has been judicially declared never to have been legally created, for the payment of the debts of the supposed municipality, is announced in Ewing v. Commissioners Court, 83 Texas, 666. The doctrine laid down may not have been necessary to the decision of that case, but the reasons for the announcement given in the opinion are, we think, conclusive of the question. Though tersely stated, the argument needs no elaboration. The expression in White v. Quanah, ante, p. 14, that "by the dissolution of the old corporation its property passed into the control of the Commissioners Court of that county, and the court was thereby invested with the power to levy taxes to pay the debts of the dissolved corporation," is merely an announcement of the declaration made by the statute. It was not intended to declare the statute valid. The question of the constitutionality of the statute was not involved in that case, and its decision was waived. In a subsequent part of the opinion, the court say: "The question as to whether or not the Legislature can confer upon the majority of the inhabitants of a certain district of country the power to charge upon the property of the minority debts for which they were not before liable, is not before the court in this case, and is not therefore decided, but is expressly left open for consideration when the case involving it shall come before this court." It could not have been intended to leave open the question there stated, and at the same time to hold, that the Legislature had the power to levy a tax for the purpose indicated, without a vote.

We answer the second question in the negative, which renders the answer to the third unnecessary, except in so far as it has been herein before incidentally answered.

Delivered April 25, 1895.

DENMAN, Associate Justice, did not sit in this case.