## CITY OF SOUR LAKE et al. v. BRANCH.

(Circuit Court of Appeals, Fifth Circuit. May 5, 1925.)

No. 4504.

1. **Constitutional law ⬅⬛191—Municipal corporations ⬅⬛14—Statute, giving remedy on debt of city whose incorporation has been declared void, not retrospective.**

Acts 38th Leg. Tex. (1923) c. 142, giving remedy for collection of debt of city existing before its incorporation was by court declared void, does not invade property rights, and is not retrospective, within inhibition of Texas Constitution.

2. **Courts ⬅⬛307(1)—Citizenship of former officers, through whom city, whose incorporation has been declared void, may be sued, determinative of federal jurisdiction.**

A city, incorporation of which has been by court declared void, being by Acts 38th Leg. Tex. (1923) c. 142, created a legal entity, capable of being sued through its former officers on its previously existing debt, citizenship of such officers, against whom the action is authorized to be prosecuted, governs as to diversity of citizenship between the parties, for purpose of jurisdiction of federal court; so that for such purpose it is immaterial whether the city is still a de facto corporation, having a fictitious personality as a citizen of the state.

**3. Municipal corporations ⬅17—Incorporation merely voidable because of inclusion of unsuitable territory.**

Incorporation of a town under the laws of Texas is not wholly void ab initio because territory unsuitable for town purposes is improperly included in its limits, but is merely voidable.

**4. Courts ⬅312(7) — Warrants of de facto corporation those of corporation for purpose of federal jurisdiction.**

Warrants, payable to bearer, of a city which, when they were issued, was a corporation de facto, are those of a corporation, within Judicial Code, § 24 (Comp. St. § 991), as to jurisdiction of federal court over action by assignee.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by Vernon H. Branch against the City of Sour Lake and others. Judgment for plaintiff, and defendants bring error. Affirmed.

J. Llewllyn, of Liberty, Tex., and J. M. Combs, of Kountze, Tex., for plaintiffs in error.

Chester I. Long and Austin M. Cowan, both of Wichita, Kan., W. M. Harris, of Dallas, Tex., and J. D. Houston, Claude I. Depew, James G. Norton, and W. E. Stanley, all of Wichita, Kan., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit brought by Branch, defendant in error, a citizen of Kansas, against the city of Sour Lake, Tex., and against its former officers, to wit, Masterson, mayor, and Hankamer, Waite, Cromwell, McEvoy, and Smith, aldermen, all citizens of Texas, to recover on certain warrants issued by the said city. Pleas to the jurisdiction were overruled, the jury was waived, and in due course judgment was entered against the plaintiffs in error. Except as to details concerning the maturities and amounts of the warrants, incorporated in the judgment, there were no special findings of fact by the court. For convenience, the parties will be referred to as they were designated in the District Court.

There is no dispute as to the material facts. It appears that in May, 1919, the city of Sour Lake, in Hardin county, Tex., was incorporated as a municipality. A mayor and other officers were elected, and the city administration proceeded to function. Contracts were let for public improvements and warrants were issued in payment of same. These warrants matured at varying dates and were made payable to the contractor, his assigns, or bearer. Subsequently certain of these warrants to the amount of $15,000 par value were purchased by the plaintiff; he paying approximately $14,405 for them. The original payees were citizens of Texas. The city received full value on these warrants.

In July, 1920, after the issuance of the warrants and their acquisition by plaintiff, a suit was filed in the district court of Hardin county to have the incorporation of the city of Sour Lake declared invalid, on the sole ground that certain territory not suitable for town purposes had been improperly included within the corporate limits. Judgment was for the city in the district court. This was reversed by the Court of Civil Appeals, and the Supreme Court of Texas refused to entertain a writ of error.

The city might have been reincorporated, leaving out the territory held to be improperly included, but this was not done. Had it been so reincorporated, all of the property owned by the municipality would have vested in the new corporation, and it would have been liable for all of the debts of the old corporation. Article 1064, Vernon-Sayles' Ann. Civ. Stat. 1914.

Some two years thereafter, in March, 1923, the Legislature of Texas adopted an amendment, or rather an addition, to article 1064, supra. General Laws 38th Legislature, Regular Session, c. 142, p. 309. Briefly stated, the amendment provides that, when the incorporation of a city or town is declared void by a court of competent jurisdiction, if it does not reincorporate and ceases to function, the holder of any evidences of its indebtedness may maintain a suit in any competent court within the state to establish the indebtedness. For the purpose of the suit service may be made on any of the persons who were the mayor, secretary, or treasurer of the dissolved corporation, or pretended to act as such, at the time of its dissolution. Judgment may be rendered against the corporation as fully as if it had not been declared void. In that event the former officers are required to take over and sell the property of the corporation to pay its debts, and also have the power to levy and collect taxes, in the same manner as the corporation might have done, for the purpose of liquidating its indebtedness. In the event the former officers refuse to act, the court may appoint three trustees with the same powers.

In August, 1923, after the adoption of the

act above referred to, plaintiff, as holder and owner of the warrants above described, brought this suit in the District Court for the Eastern District of Texas, within which district Hardin county is embraced. After judgment in favor of plaintiff on all the warrants that had then matured, the former officers declined to act, and the court appointed trustees to enforce collection.

[1] The constitutionality of the statute of 1923, supra, is attacked on the ground that the Constitution of Texas prohibits the enactment of any retrospective legislation. Apparently the statute in question has never been considered by the Supreme Court of Texas. The defendants cite and rely on the cases of Ewing v. Commissioners' Court, 83 Tex. 663, 19 S. W. 280, and Electric Light Co. v. Keenan, 88 Tex. 197, 30 S. W. 868, dealing with similar statutes. In the first case the question was not at issue, and in the second case the court held very broadly that a Legislature could not by any method impose a tax upon the people of a territory embraced within the limits of a municipal corporation that had been declared never to have been legally created, for the payment of debts of the said municipality. Neither of these cases is controlling on this court, and they are at variance with the weight of authority. It may be considered well settled that, though a statute gives a remedy for the collection of a previously existing debt, where none existed before, it is not to be considered retrospective, within the legal meaning of that term, unless it invades vested rights of property. "A statute does not operate retrospectively from the mere fact that it relates to antecedent events." 25 R. C. L. par. 34; Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483. It is clear that the statute here under consideration does not invade property rights, and we agree with the District Court that the act is not unconstitutional.

[2] The question most earnestly urged and argued by defendants, however, is as to the jurisdiction of the District Court. It is contended by them that the city of Sour Lake was not even a de facto corporation, as the Court of Civil Appeals held its organization to have been void ab initio, and that, if it might have been regarded as a corporation de facto prior to its dissolution, it was not a corporation of any kind at the time the suit was entered; hence it had no fictitious personality as a citizen of Texas. It is further contended that, though the plaintiff is a citizen of Kansas, the warrants were originally issued to citizens of Texas; that they are not obligations payable to bearer, made by a corporation, therefore an assignee cannot maintain a suit in a federal court when the original holders could not.

It is immaterial, on the first ground of objection urged to the jurisdiction, whether the city of Sour Lake was a corporation de facto or not at the time the suit was entered. The act of the Texas Legislature of 1923 is a remedial statute, and quite evidently intended to give relief to the holder of these very warrants, as well as to others similarly situated at that time and in the future. By it the city of Sour Lake was created a legal entity, capable of being sued through its former officers. That being so, the citizenship of its former officers, against whom the suit was authorized to be prosecuted, would govern as to diversity of citizenship between the parties for the purpose of jurisdiction in the federal court. Thomas v. Board of Trustees of Ohio State University, 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160.

[3, 4] The second ground of objection to the jurisdiction is based on the provision of section 24, Judicial Code (Comp. St. § 991), to the effect that no District Court shall have jurisdiction of any suit to recover on any promissory note or other chose in action in favor of any assignee or subsequent holder, if suit could not have been brought in said court by the original holder, unless the obligation is that of a corporation payable to bearer. Regardless of the holding of the Court of Civil Appeals as to the city of Sour Lake, it is settled that the incorporation of a town under the laws of Texas is not wholly void ab initio because territory unsuitable for town purposes is improperly included within its limits, but is merely voidable. Shapleigh v. City of San Angelo, 167 U. S. 646, 17 S. Ct. 957, 42 L. Ed. 310. It is elemental that, with regard to its obligations, a corporation de facto is to all intents and purposes the same as a corporation de jure. The rule is thus stated by Cook: "A corporation cannot defeat its bonds or debts by alleging its want of lawful incorporation." Cook on Corporations (8th Ed.) par. 637.

For the purpose of jurisdiction under the provisions of section 24, Judicial Code, above noted, it is sufficient that the note or chose in action sued on be made by a de facto corporation. The warrants were obligations of a corporation payable to bearer, and the District Court had jurisdiction. Scott County v. Thresher Co. (C. C. A.) 288 F. 739; Tul-

are Irrigation Dist. v. Shepard, 185 U. S. 1, 22 S. Ct. 531, 46 L. Ed. 773.

No error appearing in the record, the judgment of the District Court is affirmed.