

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Nolen L. Sewell
County Attorney
Wise County
Decatur, Texas

Dear Sir:

> Opinion No. O-1952
> Re: Authority of the county commissioners'
> court to expend county funds for the con-
> struction of a public building.

We are in receipt of your request for an opin-
ion upon the following questions:

> "The Commissioner's Court of Wise County
> is considering the construction of a building
> to house various governmental agencies here
> in the County such as, the County Agent's of-
> fice and the AAA office. In addition, the
> court is contemplating building it large
> enough to accommodate the local battery of the
> Texas National Guard and one or two other gov-
> ernmental agencies that are not connected with
> the County in any way.

> "The court proposes to pay for the construc-
> tion out of the improvement fund of the County
> and then collect rents from the local National
> Guard battery and the other governmental agencies
> that are to occupy the building in an effort
> to discharge any indebtedness that may be due
> against the building.

> "The Constitution, Article 8, Section 9,
> provides for the levying of taxes for certain
> funds including the permanent improvement fund
> for the erection of public buildings, streets,
> sewers, water works and other permanent im-
> provements.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The question which arises with the Commissioners Court is whether or not under the facts as stated herein, the building contemplated is a public building within the meaning of Article 8, Section 9, of the Constitution of the State of Texas, in an effort to ascertain whether the Commissioner's Court may expend moneys from the permanent improvement fund for this purpose."

Section 9 of Article 8 of the Texas Constitution reads as follows:

"The State tax on property exclusive of the tax necessary to pay the public debt, and of the taxes provided for the benefit of the public free schools, shall never exceed thirty-five cents on the one hundred dollars valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not exceeding fifteen cents for roads and bridges, and not exceeding fifteen cents to pay jurors, on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment September 25th, 1883; and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation, in any one year, and except as is in this Constitution otherwise provided; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax-paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

Hon. Nolen L. Sewell, Page 3

Article 2351, Vernon's Annotated Civil Statutes, sets forth the following power and duty of the county commissioners' court:

"* * * *

"7. Provide and keep in repair courthouses, jails and all necessary public buildings * * *"

Article 2352, Vernon's Annotated Civil Statutes, refers to the tax for "erection of public buildings" by the county commissioners' court:

"Said court shall have the power to levy and collect a tax for county purposes, not to exceed twenty-five cents on the one hundred dollars valuation, and a tax not to exceed fifteen cents on the one hundred dollars valuation to supplement the jury fund of the county, and not to exceed fifteen cents for roads and bridges on the one hundred dollars valuation, except for the payment of debts incurred prior to the adoption of the amendment of the Constitution, September 25, A. D. 1883, and for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in the Constitution otherwise provided. They may levy an additional tax for road purposes not to exceed fifteen cents on the one hundred dollar valuation of the property subject to taxation, under the limitations and in the manner provided for in Article 8, Sec. 9, of the Constitution and in pursuance of the laws relating thereto."

The Texas Constitution, Article 5, Section 18, provides:

"* * * The county commissioners so chosen, with the county judge, as presiding officer, shall compose the county commissioners' court, which shall exercise such powers and jurisdiction over all county business, as is conferred

by this Constitution and the laws of the
State, or as may be hereafter prescribed."

Article 1603, Revised Civil Statutes, 1925,
reads as follows:

"The county commissioners' court of each
county, as soon as practicable after the es-
tablishment of a county seat, or after its
removal from one place to another, shall pro-
vide a court house and jail for the county,
and offices for county officers at such county
seat and keep the same in good repair."
(Underscoring ours).

The first sentence of Article 1605, Vernon's
Annotated Civil Statutes, provides:

"The County Judge, Sheriff, Clerks of the
District and of the County Courts, County
Treasurer, Assessor and Collector of Taxes,
County Surveyor and County Attorney of the
several counties of this State, shall keep
their offices at the county seats of their
respective counties; provided, etc. * * * *"

Article 6872, Revised Civil Statutes, 1925,
reads as follows:

"Sheriffs shall have charge and control
of the courthouses of their respective coun-
ties, subject to such regulations as the com-
missioners court may prescribe; and the official
bond shall extend to and include the faithful
performance of their duties under this article."

County commissioners' courts have no powers or
duties except those which are clearly set forth and de-
fined in the Constitution and statutes. EDWARDS COUNTY
v. JENNINGS, 33 S. W. 585; MOORE v. MCLENNAN COUNTY, 275
S. W. 478; EL PASO COUNTY v. ELAM, 106 S.W. (2d) 393.

"The statutes have clearly defined the
powers, prescribed the duties, and imposed the
liabilities of the commissioners' court, the

Hon. Nolen L. Sewell, Page 5

medium through which the different counties
act, and from those statutes must come all
the authority vested in the counties." 11
TEX. JUR. 563.

From the constitutional provisions of the stat-
utes quoted above, we have seen that the county commis-
sioners' court has the power, (1) to provide and keep
in repair all necessary public buildings; (2) to provide
offices for county officers at the county seat; (3) to
exercise jurisdiction over all county business.

It has been well-established that the jurisdic-
tion of commissioners' court is limited to strictly
"county business", and the Legislature has no authority
to enlarge their powers or jurisdiction. SUN VAPOR
ELECTRIC LIGHT CO. vs. KEENAN, 88 Tex. 197, 30 S. W.
868.

Construing Section 9 of Article 8 of the Texas
Constitution and Section 7 of Article 2351, supra, in
conjunction with all the other statutes relating to the
powers of the county commissioners' court and in the
light of the necessity of the court acting within the
sphere of its powers and duties conferred upon it, it
is our opinion that public buildings mean "necessary
public buildings" and that "necessary public buildings"
mean public buildings essential for the conduct of
strictly "county business"; and, when referring to office
buildings, it means public buildings essential for hous-
ing the offices of county officers or agencies.

We believe that the proposed building described
in your letter of request is a "public building" in the
broadest sense of the term. See Opinion No. O-1647 of
this department by Hon. Ardell Williams, Assistant Attor-
ney General, to Hon. Stanley Timmins, County Attorney,
Harrison County, containing definitions of public build-
ings. But we do not believe it is a public building ne-
cessary for the purposes of county business within the
purview of Section 7 of Articles 2351 and 1603.

In accordance with the court decisions of this
state, we have consistently and repeatedly ruled that

Hon. Nolen L. Sewell, Page 6

county commissioners' courts may not legally expend or appropriate county funds for purposes unauthorized by the Constitution or statutory law.

For example, Opinion No. 0-591 of this department held that the commissioners' court of Galveston County, Texas, was without authority to expend county funds for the employment of life guards for Galveston Beach; Opinion No. 0-1065 of this department held that the commissioners' court of Marion County, Texas, was without authority to pay the salary of a game warden; Opinion No. 0-1299 of this department held that the commissioners' court of Bexar County, Texas, was without authority to expend county funds for fire protection of portions of the county lying outside of the city of San Antonio, and that the county could not contract with the city of San Antonio to furnish such fire protection for such portions of the county; and Opinion No. 0-1001 of this department held that the commissioners' court could not legally make donations to the Tuberculosis Association, to the American National Red Cross or to any other charitable organization making request for such donations, and Opinion No. 0-1779 holding that the county commissioners' court does not have the authority to purchase a site for a donation to the United States Government for purposes of a military reservation, and opinion No. 0-1260 holding that county commissioners' court is not authorized to make a donation of $5,500.00 toward the purchase price of a tract of land to be used for National Guard Unit, county fairs and other public celebrations where the balance of the purchase price and all subsequent expenses will be paid by the city.

The expenditure or appropriation of county funds for an office building larger and more commodious than the necessities of strictly county business would demand and for the purpose of renting spaces in this building to non-county agencies on a profit basis would be in excess of the authority of a county commissioners' court.

We are not called upon to answer in this opinion the question of whether or not a county commissioners' court has the power and authority to lease offices in the county courthouse or a county building to non-county governmental agencies or federal and state units such as

Hon. Nolen L. Sewell, Page 7

the Agricultural Adjustment Administration and the Texas
National Guard, and whether or not the county commis-
sioners' court can enter the business of leasing county
property generally. See in this respect Opinion No.
O-178 by Honorable Ben Woodall, Assistant Attorney Gen-
eral, to Honorable Edgar E. Payne, County Attorney,
Hockley County, Levelland, Texas; opinion dated April
12, 1915, by Attorney General B. F. Looney to Honorable
J. J. Strickland, County Attorney, Palestine, Texas,
Reports and Opinions Attorney General 1914-1916; and
Dodson v. Marshall, 118 S. W. (2d) 621. In this connec-
tion attention is called to Article 1372c-2, Vernon's
Annotated Civil Statutes, authorizing the county commis-
sioners' court to lease, rent or provide office space
for the administration of unemployment relief and to
cooperate with State and Federal relief agencies; and
Article 5885, Vernon's Annotated Civil Statutes, author-
izing the commissioners' court and city council or com-
mission to appropriate monies to pay necessary expenses
of the National Guard Units located in their respective
counties and in or near their respective cities or towns
and to donate tracts of land for construction of National
Guard Armories and buildings for use of National Guard
Units.

We have limited our opinion to the power of the
county commissioners' court to construct a building for
the purposes enumerated in your letter of request.

It is our opinion, and you are so advised, that
the construction by the county commissioners' court of
a building to house various governmental agencies such
as the county agent's office, the local office of the
Agriculture Adjustment Administration, the local battery
of the Texas National Guard, and other governmental
agencies not connected with the county or strictly county
business, with the object of collecting rentals from
said lessees and discharging indebtedness against this
proposed building, would not be the erection of a neces-
sary public building within the contemplation of Article
8, Section 9 of the Texas Constitution and Section 7
of Article 2351, Vernon's Annotated Civil Statutes, and
the county commissioners' court has no constitutional
or statutory authority to employ county funds for the
erection of such a building.

Hon. Nolan L. Sewell, Page 8

Trusting that we have fully answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:ob

ENCLOSURES

APPROVED FEB 27, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN