

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 14, 1975

The Honorable James J. Kaster
Chairman
Intergovernmental Affairs   Committee
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 527

Re: The extent of the State's
power to grant zoning authority
to counties.

Dear Mr. Kaster:

You have requested our opinion regarding the power of the Legislature to confer limited zoning authority upon county commissioner's courts. Specifically you ask:

> 1. Whether article 2372L, V. T. C. S., which grants
> to Cameron and Willacy Counties limited zoning
> authority over parts of Padre Island, and article
> 2372L-1, which grants to Val Verde County limited
> zoning authority over parts of the area surrounding
> the Amistad Recreation Area, are violative of the
> constitutional prohibition against local and special
> laws, Article 3, Section 56, Texas Constitution.

> 2. Whether the Legislature may grant to all counties
> of the State the authority to zone land adjacent to or
> within two miles of designated parks and recreation
> areas, so long as such authority is limited to territory
> outside the limits of incorporated cities and towns.

Article 2372L empowers the Commissioners Courts of Cameron and Willacy Counties, with respect to those portions of Padre Island lying within such counties,

> . . . to regulate and restrict the height, number
> of stories, and size of buildings and other structures,
> the percentage of lot that may be occupied, the size
> of yards, courts and other open spaces, the density
> of population, and the location and use of building,
> structures and land for trade, industry, residence,
> or other purposes, and to regulate the placing of
> water, sewerage, park and other public requirements
> on such island in areas of such island lying outside
> the corporate limits of a city, town or village, and
> within two miles of any publicly owned park or
> recreational development and all areas which lie
> within two miles of any beach, wharf or bath house
> which is used by as many as five hundred annually. . . .

[and to]

> . . . divide said area in said islands into districts
> of such number, shape, and area as may be deemed
> best suited to carry out the purposes of this Act; and
> within such districts [to] regulate and restrict the
> erection, construction, reconstruction, alteration,
> repair, or use of buildings, structures, or land.

Article 2372L-1 confers almost identical powers upon the Commissioners Court of Val Verde County with respect to certain designated territory surrounding the Amistad Recreation Area.

Article 3, section 56 of the Texas Constitution prohibits the Legislature from enacting "any local or special law, authorizing . . .[regulation of] the affairs of counties, cities, towns, wards or school districts . . . ." A local or special law is one which designates by name or otherwise a particular city or county and operates only within that city or county. City of Fort Worth v. Bobbitt, 36 S.W. 2d 470, 473 (Tex. Comm'n Appeals 1931). It is settled, however, that:

> . . . a statute is not local or special, within the meaning of this constitutional provision, even though its enforcement is confined to a restricted area, if persons or things throughout the state are affected thereby, or if it operates upon a subject that the people at large are interested in.  Lower Colorado River Authority v. McCraw, 83 S. W. 2d 629, 636 (Tex. Sup. 1935).

We believe it is clear that both articles 2372L and 2372L-1 satisfy the criteria of McCraw. In the first place, article 2372L specifically states:

> The Legislature finds as a matter of fact that that portion of Padre Island lying within Cameron and Willacy Counties is frequented for recreational purposes by citizens from every part of the State and that the orderly development and utilization of this area is a matter of  concern to the entire State.

A similar declaration is found in article 2372L-1 with respect to Val Verde County and the Amistad Recreation Area.

These legislative findings are buttressed by the Supreme Court's decision in County of Cameron v. Wilson, 326 S. W. 2d 162 (Tex. Sup. 1959), in which the Court upheld, over the objection that it was a local or special law, the validity of a statute authorizing counties bordering on the Gulf of Mexico and within the boundaries of which are located any island suitable for park purposes to maintain and operate parks.  The Court was convinced that:

> [t]he maintenance of public parks on islands in the Gulf of Mexico is undoubtedly a matter of interest to people throughout the State. Id., at 165

We believe that the legislative declarations written into articles 2372L and 2372L-1, together with the authority of County of Cameron v. Wilson, and the presumption of validity that attaches to any statute, Smith v. Davis,  426 S. W. 2d 827 (Tex. Sup. 1968), compel the conclusion that these statutes are constitutional.

Your second question is addressed to the validity of a statute which would confer upon all counties the kind of zoning authority granted to Cameron and Willacy Counties by article 2372L and to Val Verde County by article 2372L-1. It is, of course, obvious that such a statute would not be prohibited by the constitutional proscription against local and special laws, since it would apply to all counties of the State. See City of Fort Worth v. Bobbitt, supra. It is well established that the zoning power may be delegated by the Legislature. Porter v. Southwestern Public Service Co., 489 S. W. 2d 361, 363 (Tex. Civ. App. --Amarillo 1972, reh. den.).

You have expressed concern, however, that the statute might exceed the authority which the Legislature may constitutionally confer upon a commissioners court. You call our attention specifically to Sun Vapor Electric Light Company v. Kenan, 30 S. W. 868 (Tex. Sup. 1895) and related cases. Article 5, section 18 of the Texas Constitution provides that

> . . . the county commissioners . . . shall exercise
> such powers and jurisdiction over all county business
> as is conferred by this Constitution and laws of the
> State or as may be hereafter prescribed. (Emphasis
> added)

The constitutionality of any such statute as you have described would thus depend upon whether the powers to be delegated to the commissioners court are encompassed within the definition of "county business."

A number of court decisions have construed this constitutional limitation, beginning with Sun Vapor Electric Light Company v. Kenan.

In that case, the Court held that administration of the affairs of the defunct corporation of the City of Seymour was not county business within the constitutional definition.

In Glenn v. Dallas Co. Bois d'Arc Island Levee Dist., 282 S. W. 339 (Tex. Civ. App. --Dallas 1926, reh. den.), a statute conferring upon

a commissioners court the authority to organize a levee district from territory located in several counties was upheld over the objection that such authority was beyond the scope of "county business." The court considered it:

> . . . proper to give to the term "county business"
> a broad and liberal construction so as . . . to include
> any and all business of that county and any other
> business of that county . . . connected with or inter-
> related with the business of any other county properly
> within the jurisdiction of such courts . . . Id., at 344

In Harris County Flood Control District v. Mann, 140 S. W. 2d 1098 (Tex. Sup. 1940) the Supreme Court approved this broad view of "county business:"

> [Glenn] very correctly holds that the phrase "county
> business" used in the constitutional provison under
> discussion, should be given a broad and liberal cons-
> truction so as to extend powers to any and all business
> of a county, and any other business of a county connected
> with or interrelated with any business of the county pro-
> perly within the jurisdiction of such courts under our
> Constitution and laws. Id., at 1108.

In the Harris County case, the statute had created the Harris County Flood Control District as an independent state agency, but had made the commissioners court of Harris County the governing body of the district. The duties thus conferred upon the commissioners court were held to be included within the definition of "county business." The Court distinguished Sun Vapor by recognizing a "clear distinction" between a drainage district and a town or city corporation with respect to the relation of each to the county business. When a drainage district is an integral part of the county, and when it is formed of a part of the county without regard to the lines of any existing political subdivision of the county, there is no substantial basis for the argument that the management of the affairs of such a district by the commissioners court is not "county business." Harris County, at 1107.

We believe that the proposed statute confers authority upon the commissioners courts which is more inextricably intertwined with the business of the county than were the powers upheld as valid in Harris County. Since counties are authorized to establish and maintain parks by article 6078, V. T. C. S. , it seems clear that the regulation of the use of land adjacent to or within two miles of such parks and recreation areas, and limited to territory outside the limits of incorporated cities and towns, is within the scope of "county business. "

Attorney General Opinion No. O-5047 (1943) does not require a different conclusion. That Opinion held unconstitutional proposed wartime legislation which authorized the commissioners courts of counties having military establishments within their limits to create military zones and to punish the violation of regulations relative thereto. The Opinion based its result upon the statute's attempt "to confer upon commissioners courts the power to make, change and suspend the law, to confer upon them legislative powers, and to affix a penalty to acts which are not made penal offenses and defined in plain language by the criminal law of this State. " This broad grant of authority bears little relation to ordinary zoning regulations, and we do not deem it applicable to the proposed statute which is the subject of your inquiry. Thus, it is our opinion that there would be no constitutional prohibition against legislation which would grant to all counties the authority to zone land adjacent to or within two miles of designated parks and recreation areas, with such authority limited to territory outside the limits of incorporated cities and towns.

## SUMMARY

Article 2372L, V. T. C. S. , which grants to Cameron and Willacy Counties limited zoning authority over parts of Padre Island, and article 2372L-1, V. T. C. S. , which grants to Val Verde County limited zoning authority over parts of the area surrounding the Amistad Recreation Area, are not violative of the constitutional prohibition against local and special laws established by article 3, section 56, Texas Constitution. There

would be no constitutional prohibition against
legislation which would grant to all counties
the authority to zone land adjacent to or within
two miles of designated parks and recreation
areas, so long as such authority is limited to
territory outside the limits of incorporated
cities and towns.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg